■ CAPITAL DIMENSIONS, INC., Respondent, v SAMUEL OBERMAN COMPANY, INC., et al., Appellants. — In an action to recover damages, *inter alia,* for unlawful interference by defendants with plaintiff's third-party beneficiary rights under various insurance contracts and for unfair competition, defendants appeal from an order of the Supreme Court, Rockland County (Edelstein, J.), dated July 18, 1983, which granted plaintiff's motion to permit the service of a supplemental summons and an amended complaint against various additional corporate defendants, the date of the interposition of the claims in the amended complaint against the newly added parties to relate back to the date of service of the original summons and complaint.

Order reversed, on the law, without costs or disbursements, and motion denied.

In *Brock v Bua* (83 AD2d 61), this court established a three-pronged test for determination of whether the Statute of Limitations should bar a plaintiff's claim against newly added parties, or whether the date of interposition of claims asserted in an amended complaint adding new parties should "relate back" to the date of service of the original complaint against the original parties pursuant to CPLR 203 (subd [b]). At issue in this case is whether, under the second prong of that test, "the new party is 'united in interest' with [either of] the original defendant[s], and by reason of that relationship, he can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits" (*Brock v Bua, supra,* p 69).

In order to determine whether parties are "united in interest" for the purpose of determining whether the claims asserted in an amended complaint relate back to the date of service of the original summons and complaint, the "jural relationship of the parties whose interests are said to be united" and "the nature of the claim asserted against them by the plaintiff" must be examined (*Connell v Hayden,* 83 AD2d 30, 42-43). Thus, partners are united in interest because by statute (Partnership Law, §§ 24, 26) they are "fully, personally, and vicariously liable for the torts of their copartners committed within the scope of the partnership business" (*Connell v Hayden, supra,* p 46). Similarly, business corporations and their employees are united in interest because corporations are vicariously liable for the torts of their employees committed within the scope of the corporate business, as are any other parties who have a master and servant relationship (*Connell v Hayden, supra,* p 46).

However, if the only relationship between the original parties and the parties sought to be added is that of joint tort-feasors, the parties are not united in interest because each tort-feasor, acting independently, is liable to the plaintiff only because of his own fault; the fault of his codefendant is not imputed to him. In such circumstances, neither codefendant is responsible for the acts or omissions of the other (*Connell v Hayden, supra,* pp 44-45).

In the present case, although the corporations sought to be added by plaintiff in its amended complaint may be controlled by the same principal and operate as a single unit, the corporations are, nevertheless, separate and distinct business entities which have no jural relationship other than that of alleged joint tort-feasors. It is entirely possible that one or more of the corporations may be responsible for the alleged harm to plaintiff. Since the fault of one corporation cannot be imputed to a

codefendant corporation (*Connell v Hayden, supra,* pp 44-45), the corporate defendants sought to be added by plaintiff are not united in interest with the original defendant Samuel Oberman Company, Inc. Similarly, there is no proof that the individually named defendant, Sidney Slotnick, is a servant of any of the proposed new corporate defendants. Accordingly, the motion for leave to serve a supplemental summons and an amended complaint against the additional corporate defendants, the date of claim interposition upon them to relate back to the date of service of the original summons and complaint, should have been denied. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.