■ GEORGE P. QUINE, JR., et al., Respondents, v BURKHARD BROTHERS, INC., Defendant and Third-Party Plaintiff. AMSTED INDUSTRIES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Mercure, J. Appeal from an order of the Supreme Court (Travers, J.), entered November 30, 1989 in Rensselaer County, which granted plaintiffs' motion to serve an amended complaint.

On February 11, 1984, plaintiff George P. Quine, Jr. sustained injuries to his hand when he came into contact with a "South Bend Johnson Press". In September 1984, plaintiffs commenced this action against defendant Burkhard Brothers, Inc., the distributor, and South Bend Lathe, Inc., the purported manufacturer of the press, alleging negligence and strict liability in the machine's design, manufacture, and sale. Supreme Court (Keniry, J.) granted a motion by South Bend Lathe for summary judgment dismissing the complaint against it, finding that South Bend Lathe was a division of third-party defendant Amsted Industries, Inc. at the time of manufacture of the press and had no separate corporate existence until approximately one year later. Burkhard Brothers thereafter commenced a third-party action against Amsted Industries and, by motion returnable September 22, 1989, plaintiffs sought leave to amend their complaint to add Amsted Industries as a direct party defendant. Supreme Court granted the motion. Amsted Industries now appeals.

We reverse. Plaintiffs' claim against Amsted Industries may not relate back to the date of imposition of the claim against South Bend Lathe because the two entities are not "united in interest" (CPLR 203 [b]; see, Brock v Bua, 83 AD2d 61, 69). Thus, plaintiffs' claim against Amsted Industries is barred by the Statute of Limitations and the motion to add it as a party defendant should have been denied.

In *Prudential Ins. Co. v Stone* (270 NY 154, 159), the Court of Appeals formulated a criterion for assessing unity of interest, i.e., whether "the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other". Here, the record shows that LWE, Inc., incorporated in Indiana in April 1975, purchased the South Bend Lathe Division of Amsted Industries during June 1975, and changed its name to South Bend Lathe, Inc. shortly thereafter. Although South Bend Lathe continued to manufacture the same products as Amsted Industries, the corporations are, nevertheless, "separate and distinct business entities which have no jural relationship" *(Capital Dimensions v Oberman Co.*, 104 AD2d 432, 433; *see, Connell v Hayden*, 83 AD2d 30, 42-43). Neither corporation is vicariously liable for the acts of the other and, thus, there is no unity of interest between them *(see, Connell v Hayden, supra*, at 45; *see also, Capital Dimensions v Oberman Co., supra)*. This court's decision in *Virelli v Goodson-Todman Enters.* (142 AD2d 479) does not assist plaintiffs because there no claim was made that the parties in question were not united in interest *(see, supra*, at 482-483 n 3). We have considered plaintiffs' other arguments and find them meritless.

Order reversed, on the law, without costs, and motion denied. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.