■ FRANK RUMENAPP, Respondent, v HANS DELLITH et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered September 13, 1990 in Otsego County, which, inter alia, dismissed the complaint and determined that no valid contract existed between the parties.

Upon plaintiff's motion for summary judgment in his action against defendants for specific performance of a contract

whereby defendants were to purchase plaintiff's property, Supreme Court determined that the parties had abandoned the contract and, therefore, an order was entered dismissing the complaint. Defendants appeal, contending that Supreme Court erred in concluding that the contract had been abandoned.

We are of the view that defendants are not aggrieved by the order since dismissal of the complaint granted them complete relief and, therefore, their disagreement with the court's reason for dismissal of the complaint is not a ground for appeal *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 544-545). Although defendant Oneonta Consolidated School District did not join in the individual defendant's cross motion to dismiss the complaint, an examination of the answer reveals that dismissal of the complaint is the only relief to which defendants could be entitled based upon the allegations of the answer. The only affirmative relief requested by defendants in the answer is a claim in the fifth affirmative defense that "defendant is entitled to a return of the deposit". The contract that is the subject of this action, however, contains no provision for a deposit, requiring instead that the entire purchase price be paid at closing. Despite defendants' allegations in their papers in opposition to plaintiff's summary judgment motion that a $5,000 payment was made to plaintiff some time after the contract was executed, the answer contains no counterclaim seeking the return of this payment, which concededly was outside the scope of the contract that plaintiff sought to have specifically performed in this action. Since dismissal of the complaint constitutes complete relief to which defendants could be entitled under their answer, there is no basis for defendants' appeal from the order dismissing the complaint.

Mahoney, P. J., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the appeal is dismissed, without costs.