■ ROBERT T. BURAN et al., Respondents, v JOHN COUPAL, Appellant. (Action No. 1.) ROBERT T. BURAN et al., Respondents, v JANET COUPAL, Appellant. (Action No. 2.) [623 NYS2d 666] —Spain, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered April 27, 1994 in Clinton County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs are the owners, as tenants by the entirety, of a 0.99-acre parcel of lakefront property located on Lake Champlain in the Town of Beekmantown, Clinton County. This parcel was formerly part of a lot owned by William Champagne, Jr. and Ramona Champagne who subdivided and sold the easterly portion to plaintiffs in 1962. The Champagnes purchased their original lot from Fred Brunell and Ione Brunell in 1956. Surveys of the Brunell and Champagne properties were prepared prior to their sale and both deeds convey property rights which extend north to the waters of the lake.[1]

Defendants own, as tenants by the entirety, the parcel immediately adjacent to the eastern side of plaintiffs' parcel. Defendants received a deed to their property in 1967 from Mamie Dickson. Trial testimony established that the deed description of the property conveyed to defendants is highly inaccurate and that defendants did not have their parcel surveyed until after plaintiffs' initial action was commenced.[2]

Defendants began improving their parcel before they took title and in 1967 had fill brought in and placed along the waterfront land they believed to be theirs. Defendants made no significant improvements to the waterfront until 1973 when they had a seawall constructed. In the process of construction defendants built over and buried behind the seawall the iron pipe set in 1961 by plaintiffs' surveyor which marks the northeast corner of plaintiffs' parcel. In 1979, after discovering the encroachment, plaintiffs commenced action No. 1

1. The deed from the Champagnes to plaintiffs states, in pertinent part: "Together with all right, title and interest of the parties of the first part in and to all lands northerly of the above described parcel as located between the extensions northerly from the markers at the top of the bank, of the east and west lines of said parcel to the waters of the lake."

2. By comparison the deed from Dickson to defendants states, in pertinent part: "The party of the first part further conveys any and all interest *which she may have* in and to the lands immediately to the north of this said property and lying under the waters of Lake Champlain" (emphasis supplied).

against defendant John Coupal for continuing trespass. In defense, John Coupal asserted, *inter alia,* actual ownership of the property on which the encroachment lies, the alternative defenses of adverse possession, laches and estoppel, and that plaintiffs had failed to join a necessary party, his wife, Janet Coupal, to the action, since they owned the parcel as tenants by the entirety.

In 1982 defendants deeded their parcel to their wholly owned corporation, Ultimate Investment Services, Inc., Ltd. (hereinafter Ultimate Investment); in 1984 Ultimate Investment deeded the same parcel back to defendants. In 1989 plaintiffs commenced action No. 2 against defendant Janet Coupal for continuing trespass. In defense Janet Coupal asserted the affirmative defense of adverse possession, claiming that she and her husband, by tacking to Ultimate Investment's period of ownership, had adversely possessed the disputed property for more than 10 years prior to the time she was served. Both actions were consolidated in 1992.

A jury trial was held after which the jury rendered a special verdict; it answered "no" to the only issue presented, that being whether the seawall in question was substantially completed in 1967. During the trial defendants moved to dismiss for plaintiffs' failure to serve Janet Coupal within the 10-year prescriptive period for adverse possession; Supreme Court reserved decision. By written decision and subsequent judgment Supreme Court adopted the jury's verdict and found that the period of adverse possession began at the time the seawall was constructed, in September 1973. Supreme Court further ruled that defendants' original conveyance gave them no access to the lake and dismissed the defenses of adverse possession asserted by defendants, holding that John Coupal had been served within 10 years of the date the seawall was constructed and, further, that while Janet Coupal was a necessary party, Ultimate Investment had taken its interest in the disputed property within 10 years of the service of John Coupal, subject to and with notice of the original lawsuit against John Coupal. Supreme Court also concluded that the 1984 deed from Ultimate Investment to defendants was conveyed with notice of and subject to the original action against John Coupal. The judgment ordered the removal of the seawall and the restoration of plaintiffs' property. This appeal by defendants ensued.

The focus of defendants' appeal is directed at Supreme Court's determination that they failed to meet their burden of proof with respect to the affirmative defenses raised, particu-

larly the defense of adverse possession. Defendants have not challenged Supreme Court's determination that they were not conveyed, in their 1967 deed, the land on which the seawall was constructed, nor have they challenged the determination that the prescriptive period did not begin to run until 1973, the year the seawall was constructed. Supreme Court's determination that defendants were not conveyed the land upon which the encroachment lies as well as its determination that the prescriptive period began to run in 1973 are supported by a reasonable interpretation of the evidence in the record *(see, e.g., Cohen v Hallmark Cards,* 45 NY2d 493, 499).

In order to meet their burden of proof with respect to the defense of adverse possession, defendants had to establish, by clear and convincing evidence, that their use of plaintiffs' property was "hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for 10 years" *(Boeheim v Vanarnum,* 207 AD2d 582, 583; *see,* CPLR 212 [a]; *Rose Val. Joint Venture v Apollo Plaza Assocs.,* 178 AD2d 695, 696-697; *see also,* RPAPL 511, 512, 521, 522). Since it was determined that the 10-year prescriptive period commenced in 1973, defendants had to establish, *inter alia,* that plaintiffs failed to commence this action by 1983 *(see, Porter v Marx,* 179 AD2d 962, 963). The action against John Coupal was timely commenced in 1979. Therefore, the issue for resolution is whether the action against Janet Coupal, commenced in 1989, may be joined with that of her husband such that the date of service on her relates back to 1979.

CPLR 203 (b) sets forth a "relation back" rule which essentially provides that where there are several defendants and they are "united in interest", commencing an action against one within the applicable statutory period will preserve the action against the others *(see,* Siegel, NY Prac § 45, at 55 [2d ed]). In *Brock v Bua* (83 AD2d 61, 68-69), the Second Department adopted the three-prong test codified in the Federal Rules of Civil Procedure, rule 15 (c), for determining when a claim asserted against a new party may be interposed in the claim against the original defendant under CPLR 203 (b). Under the *Brock* standard it must be shown that: "(1) both claims arose out of the same conduct, transaction or occurrence * * * (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship he can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits * * * and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the

identity of the proper parties, the action would have been brought against him as well" *(Brock v Bua, supra,* at 69 [citations omitted]).

The first prong of the foregoing test is satisfied in this case since plaintiffs' claims against each defendant arose out of the construction of the seawall. Moreover, because of their relationship as tenants by the entirety *(see, V.R.W., Inc. v Klein,* 68 NY2d 560, 564-565; *First Am. Tit. Ins. Co. v Kevlin,* 203 AD2d 681, 682), defendants are vicariously liable for each other's acts *(see, Seudath v Mott,* 202 AD2d 658, 659; *see also, Neilitz v Neilitz,* 307 NY 882, 884) and therefore satisfy the "unity of interest" or second prong of the *Brock* test *(see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226; *Quine v Burkhard Bros.,* 167 AD2d 683, 684).[3] By reason of the relationship between the parties, Janet Coupal can be charged with such notice of the commencement of the action against her cotenant by the entirety that she has not been prejudiced in maintaining a defense on the merits in the delayed action against her.

As to the third prong of the *Brock* test, this Court has previously declined to adopt the Second Department's more stringent standard of "excusable" mistake *(see, Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 482-484; *see also, Schiavone v Fortune,* 477 US 21). In *Virelli v Goodson-Todman Enters. (supra),* we merely required that the new defendant have notice of the plaintiff's claim within the applicable Statute of Limitations period, and that said defendant not be prejudiced by being led into believing, because of the plaintiff's failure to commence the action, that the plaintiff had opted not to sue *(see, Virelli v Goodson-Todman Enters., supra,* at 483-484; *see also, Town of Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829, 832; *but see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, supra,* at 226, 230 [where the Court of Appeals explicitly endorsed the *Brock* test without either overruling this Court's holding in *Virelli* or reaching the issue of excusability]).

We conclude that the third prong of the *Brock* test as expanded in *Virelli (supra)* is satisfied in this case. The record shows that plaintiffs mistakenly commenced their original action against John Coupal only. However, there is nothing in

---

3. It is noted, however, that as joint tortfeasors are not vicariously liable for each other's acts, the unity of interest test is not satisfied if that is the only relationship which exists between the parties *(see, e.g., Capital Dimensions v Oberman Co.,* 104 AD2d 432, 433).

the record which indicates, nor have defendants argued, that Janet Coupal was unaware of plaintiffs' claim. While she has argued that she was prejudiced due to the late commencement of plaintiffs' action against her, there is no support for this argument in the record; she had the burden of proof in establishing prejudice to her. Furthermore, there is no reason to believe from the record that her assertion of prejudice has any merit. Janet Coupal was a tenant by the entirety with her husband and was integrally involved with the improvement, maintenance and disposition of their parcel prior to, during and after the commencement of plaintiffs' action against her husband. As such, it is inconceivable that she suffered any prejudice in gathering the information necessary to prepare her defenses to this action, which, notably, are the same defenses as those asserted by John Coupal. Accordingly, we conclude that plaintiffs' action against Janet Coupal relates back to the commencement of the action against John Coupal and as such was timely commenced. Defendants' contention, that plaintiffs' failure to join Janet Coupal as a defendant in the first action is fatal, lacks merit (see, Town of Guilderland v Texaco Ref. & Mktg., supra, at 831).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.