■ MARK S. KITSON, Respondent, v ATLANTIC REFINING &
MARKETING CORPORATION et al., Defendants, and LARRY E. TY-
REE Co., INC., et al., Appellants. [643 NYS2d 862] —Order
unanimously reversed on the law without costs, motions
granted and complaint against defendants Larry E. Tyree Co.,
Inc., and Mark A. Todd, doing business as The Todd Company,
dismissed. Memorandum: Plaintiff was injured on February 14,
1991 when he fell on premises owned and operated by defen-
dants Atlantic Refining & Marketing Corporation (Atlantic)
and Petroleum Marketing Services Corp. (Petroleum Corp.).
On July 19, 1993, plaintiff commenced an action against
Atlantic and Petroleum Corp. The title of the action also
named "John Doe Excavators, Inc." as an unknown entity that
had "completed certain excavation work" at the Atlantic and
Petroleum Corp. premises. Plaintiff never obtained a court or-
der for a substitute form of service upon John Doe Excavators,
Inc. (John Doe). In January 1995 plaintiff discovered the
identity of John Doe. On February 6, 1995, plaintiff obtained
an ex parte order permitting plaintiff to amend the caption in
the summons and complaint to identify John Doe as Larry E.
Tyree Co., Inc. (Tyree) and Mark A. Todd, doing business as
The Todd Company (Todd). A copy of the amended summons
and complaint was left at Todd's office on February 13, 1995.
Mark Todd, who was then living in Nevada, was never person-
ally served. Tyree was served with the amended summons and
complaint on February 17, 1995.

Supreme Court erred in denying the motions of defendants
Tyree and Todd to dismiss the complaint against them.
Plaintiff's action against Tyree and Todd was not commenced
within the statutory three-year period for negligence actions
(see, CPLR 214 [5]; Di Marco v Hudson Val. Blood Servs., 147
AD2d 156, 157). Plaintiff's claims against Tyree and Todd do
not relate back to the timely action commenced against the
two known defendants (see, CPLR 203 [b]) because they are not
united in interest (see, Mondello v New York Blood Ctr.—
Greater N. Y. Blood Program, 80 NY2d 219). Codefendants are
united in interest only when one defendant is responsible for
the acts or omissions of the other (see, Capital Dimensions v
Oberman Co., 104 AD2d 432, 433). It is uncontroverted that Ty-
ree and Todd were independent contractors retained by
Atlantic and Petroleum Corp. to perform specified services. An
independent contractor and the party who retains him are not

united in interest because the latter is not vicariously liable for torts of the former (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:3, at 147). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Complaint.) Present—Pine, J. P., Fallon, Callahan and Davis, JJ.