■ CONCOURSE REHABILITATION & NURSING CENTER, INC., et al., Appellants, v ANTONIA C. NOVELLO, M.D., as Commissioner of the New York State Department of Health, et al., Respondents. [765 NYS2d 341] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered on or about June 12, 2002, which, to the extent appealed from as limited by the brief, granted the motion of defendant Antonia Novello, as Commissioner of the Department of Health (the State), to dismiss plaintiff's federal claims, and granted the motion of defendant Foundation for Quality Medical Care, Inc. (Foundation) to dismiss the complaint against it in its entirety, unanimously affirmed, without costs.

The claims against the Foundation were properly dismissed, since plaintiffs failed to allege with any specificity facts that would support a claim for conspiracy under 42 USC §§ 1983 and 1985 (3) (*see Zemsky v City of New York*, 821 F2d 148 [1987], *cert denied* 484 US 965 [1987]). The circumstance that the Foundation was the State's agent, and in that capacity acted pursuant to lawful regulations promulgated by the State, does not allege a conspiracy under 42 USC §§ 1983 and 1985 (3). Furthermore, because the Foundation is not answerable for the State's actions, application of the "relation back" doctrine under CPLR 205, for the purpose of overcoming the statute of limitations, is precluded (*see Kitson v Atlantic Ref. & Mktg. Corp.*, 227 AD2d 971 [1996]).

The federal claims asserted against the State could have been raised in the prior federal litigation and are thus barred on the ground of res judicata (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357-358 [1981]). In addition, inasmuch as the distinction plaintiffs would make between their present "unjust taking" claim and the previously litigated Boren Amendment claims is untenable, the subject claim was also properly dismissed on the ground of collateral estoppel (*see Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 431-432 [2000]). Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.