■ Vivian L. Hausch, Appellant, v Sheila R. Clarke et al., Respondents. [779 NYS2d 123]—

In an action to recover damages for defamation, the plaintiff appeals from stated portions of (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 20, 2003, which, inter alia, (a) denied her cross motion for leave to enter a judgment against the defendants Sheila R. Clarke, Leslie B. Maron, Bill Williams, and the Village of Tuckahoe upon their failure to appear or answer, or for summary judgment against those defendants, and determined that after a hearing, a sanction should be imposed upon the plaintiff for moving for summary judgment against those defendants before issue was joined with respect to those defendants, and (2) an order of the same court entered June 5, 2003, which, among other things, granted the motion of the defendants Sheila R. Clarke, Leslie B. Maron, Bill Williams, and the Village of Tuckahoe pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them, and the motion of the defendants Bruce Diamond, Review Press Reporter, also known as Review Press, Journal News, and Gannett Satellite Information Network, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order entered March 20, 2003, is modified, on the facts and as a matter of discretion, by deleting the provision thereof determining that a sanction should be imposed upon the plaintiff; as so modified, the order entered March 20, 2003, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 5, 2003, is affirmed insofar as appealed from, without costs or disbursements.

This action was commenced on or about November 5, 2001, alleging defamation occurring in August and September 2000. The plaintiff contended that the action was not time-barred by the one-year statute of limitations for actions sounding in defamation (see CPLR 215 [3]) on the ground that it was commenced within six months after a prior action for the same relief was dismissed (see CPLR 205 [a]). The Supreme Court found that CPLR 205 (a) did not apply on the ground that the prior action had been dismissed on the merits.

The prior action was dismissed by the Supreme Court by decision and order dated November 1, 2001, which held that the complaint did not comply with CPLR 3016 (a) (see Ott v

*Automatic Connector*, 193 AD2d 657 [1993]) and in addition stated that an issue before the Supreme Court was whether the plaintiff had a cause of action, and not whether she had properly stated one (*see* CPLR 3211 [a] [7]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). The Supreme Court further held that it did not find that the statements in issue were defamatory, and that the statements contained therein constituted nonactionable opinion or were protected by the defense of truth. We find no error in the determination that this action to recover damages for defamation based on the same events complained of in the prior action was time-barred because dismissal of the prior action was "upon the merits" (CPLR 205 [a]; *see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375 [1999]).

However, in view of the convoluted procedural posture of this case, the plaintiff's premature application for summary judgment against the municipal defendants in response to their preanswer motion to dismiss did not warrant the imposition of a sanction.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.