■ SHARON ZEHNICK, Respondent-Appellant, v MEADOW-BROOK II ASSOCIATES, Defendant and Third-Party Plaintiff-

Appellant-Respondent, and NEW PALTZ HOUSING ASSOCIATES, Proposed Defendant-Appellant. NICHOLAS J. TOZZI, JR., Individually and Doing Business as NICK TOZZI FORKLIFT SERVICE & REPAIR, Third-Party Defendant-Respondent-Appellant. [799 NYS2d 604]—

Spain, J.P. Cross appeals from an order of the Supreme Court (Bradley, J.), entered April 7, 2004 in Ulster County, which, inter alia, granted plaintiff's cross motion to amend the complaint.

On January 18, 1999, plaintiff slipped on snow and fell in a parking area of a housing complex in the Town of New Paltz, Ulster County, known as Meadowbrook Farms. The housing complex actually consists of two adjoining properties with separate owners, New Paltz Housing Associates (hereinafter New Paltz) and defendant. The separate properties, however, share roadways, water, sewage and a management office, creating the appearance of a single housing complex. In addition, the two owners have a common general partner, property superintendent, insurer and—by single contract—contractor for snow removal.

Plaintiff commenced this negligence action only against defendant to recover for injuries allegedly sustained when she fell. Defendant then commenced a third-party action against its snow removal contractor, Nicholas J. Tozzi, Jr., individually and doing business as Nick Tozzi Forklift Service and Repair, seeking contribution and indemnification. Defendant then moved for sum-

mary judgment on the basis that it did not own the property on which plaintiff fell and Tozzi cross-moved for summary judgment. Plaintiff also cross-moved seeking, among other things, to amend the complaint to add New Paltz as an additional defendant. Finding that defendant had established that New Paltz—and not defendant—owned the property where plaintiff claims to have fallen, Supreme Court granted defendant's motion for summary judgment, granted plaintiff's cross motion to amend the complaint, but denied Tozzi's cross motion for summary judgment. Plaintiff, defendant, New Paltz and Tozzi appeal.

First, we disagree with plaintiff's contention that Supreme Court erred in granting summary judgment to defendant. Plaintiff now concedes that the fall occurred on property owned by New Paltz, but argues that a question of fact exists as to whether she fell within one of the several easements granted to defendant by New Paltz, thereby imposing a duty by defendant to maintain the location in a reasonably safe condition (*see Tagle v Jakob*, 97 NY2d 165, 168-169 [2001]; *Raksin v Crown-Kingston Realty Assoc.*, 254 AD2d 472, 473 [1998], *lv denied* 94 NY2d 751 [1999]). In support of its motion, defendant produced a survey map and a surveyor's affidavit which established that the fall did not occur on defendant's property, or within any of defendant's easements over New Paltz's property, thereby shifting the burden to plaintiff to produce evidentiary proof in admissible form sufficient to raise a material question of fact on the issue (*see Lewis v Safety Disposal Sys. of Pa., Inc.*, 12 AD3d 324, 325 [2004]). Plaintiff argues that an issue of fact exists because the surveyor placed her fall on the sidewalk in rendering his opinion when, in fact, she fell in the parking lot. Inasmuch as the survey map clearly demonstrates that neither the sidewalk nor parking area in question were within an easement owned by defendant and given that plaintiff failed to otherwise offer any evidence to contradict the surveyor's findings, we find that Supreme Court properly granted summary judgment to defendant.

It necessarily follows that, inasmuch as plaintiff failed to assert any claim against Tozzi and defendant's third-party action against Tozzi only asserts claims for contribution and indemnification, the dismissal of the complaint against defendant also mandates a dismissal of the third-party action against Tozzi (*see Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866 [1997]). Accordingly, we find that Tozzi's cross motion for summary judgment should have been granted.

Finally, we agree with New Paltz's contention that plaintiff should not have been permitted to utilize the relation back doc-

trine to amend her complaint to add New Paltz as a defendant after the statute of limitations had expired (see CPLR 203 [c]; *Buran v Coupal*, 87 NY2d 173, 178 [1995]).* To utilize the doctrine, plaintiff must satisfy three conditions, two of which are readily met here. First, the claim asserted against the original defendant and the claim to be added against the new party clearly " 'arose out of [the] same conduct transaction or occurrence' " (*Buran v Coupal, supra* at 178, quoting *Brock v Bua*, 83 AD2d 61, 69 [1981]). Next, given that defendant and New Paltz share management staff and the same insurance carrier, New Paltz surely knew or should have known that, but for a mistake by plaintiff, the action would have been brought against New Paltz as well (see *Buran v Coupal, supra*). The more difficult inquiry is whether plaintiff has met the prong of the test which requires that the new party, New Paltz, be " 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits" (*id.* at 178, quoting *Brock v Bua, supra* at 69).

We can readily see, given the extent of intermingled employees and facilities between defendant and New Paltz, how Supreme Court reasonably concluded that New Paltz could be charged with notice of the commencement of the instant action. This prong of the relation back test, however, has been construed as more than a notice provision. In this context, unity of interest means that " 'the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other' " (*Quine v Burkhard Bros.*, 167 AD2d 683, 684 [1990], quoting *Prudential Ins. Co. v Stone*, 270 NY 154, 159 [1936]). Although the parties might share a multitude of commonalities, including shareholders and officers (see *Mercer v 203 E. 72nd St. Corp.*, 300 AD2d 105, 106 [2002]), the unity of interest test will not be satisfied unless the parties share precisely the same jural relationship in the action at hand (see *Capital Dimensions v Oberman Co.*, 104 AD2d 432, 433 [1984]; *Connell v Hayden*, 83 AD2d 30, 42-43 [1981]). Indeed, unless the original defendant and new party

---

* Although defendant's papers appear to advance this argument on behalf of defendant, defendant is not aggrieved by that portion of Supreme Court's order because the complaint as against defendant has been dismissed (see *Rumenapp v Dellith*, 177 AD2d 838, 839 [1991]; *Hull v Town of Ithaca*, 139 AD2d 887, 888 [1988]). However, inasmuch as New Paltz appealed Supreme Court's order and defendant's attorney signed its brief as the attorney for both defendant and New Paltz, we address the issue as having been advanced on New Paltz's behalf.

are "vicariously liable for the acts of the other . . . there is no unity of interest between them" (*Quine v Burkhard Bros., supra* at 684; *see Scoma v Doe*, 2 AD3d 432, 433 [2003]; *Mercer v 203 E. 72nd St. Corp., supra* at 106; *Connell v Hayden, supra* at 42-43).

Here, despite the shared resources of defendant and New Paltz and the intermingled physical infrastructure of the housing complex, their interest in this litigation is not identical—a fact which is apparent from defendant's successful defense by asserting that New Paltz, rather than defendant, owns the property which is alleged to have been negligently maintained (*see Connell v Hayden, supra* at 45 [defendants not united in interest when one can avoid liability by placing blame on the other]). Here, plaintiff has failed to present any evidence which could demonstrate that defendant and New Paltz—distinct legal entities, created at different times and with different partners— were engaged in a joint venture, partnership or agency relationship such that one would be vicariously liable for the acts of the other (*see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 230 [1992]; *Teer v Queens-Long Is. Med. Group*, 303 AD2d 488, 489 [2003]; *cf. De Sanna v Rockefeller Ctr., Inc.*, 9 AD3d 596, 597-598 [2004]; *Ruane v Cooper*, 127 AD2d 524, 525 [1987], *lv dismissed* 70 NY2d 693 [1987]). Accordingly, plaintiff cannot avail herself of the relation back doctrine and her motion to amend the complaint should have been denied.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's cross motion for summary judgment and as granted plaintiff's cross motion to amend the complaint; plaintiff's cross motion denied, third-party defendant's cross motion granted and third-party complaint dismissed against it; and, as so modified, affirmed.