# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1197**
**CA 16-00708**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

JAMES J. MORAN, PLAINTIFF-RESPONDENT,

V                                             MEMORANDUM AND ORDER

JRM CONTRACTING, INC., DEFENDANT-APPELLANT.

---

ROBERT J. LUNN, ROCHESTER, AND FRANK A. ALOI, FOR DEFENDANT-APPELLANT.

KEITH R. LORD, PHELPS, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered July 22, 2015. The order, insofar as appealed from, denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.

Memorandum: In April 2004, plaintiff and defendant entered into a contract for the construction of a single-family residence pursuant to which plaintiff agreed to pay defendant a certain amount per week until the project was completed. Plaintiff terminated the contract in 2005 and commenced an action in 2010 against "James Madalena, d/b/a JRM Construction," alleging that the parties agreed that Madalena would complete the construction in nine months but failed to do so. Madalena answered and asserted as an affirmative defense that plaintiff had named the wrong party and that the contract was with defendant, not Madalena. In February 2014, Supreme Court granted Madalena's cross motion for summary judgment dismissing the complaint on the ground that he was not a proper party defendant. Three months later, plaintiff commenced this action against defendant, making the same allegations as in the prior action and asserting, inter alia, a breach of contract cause of action. The court granted defendant's motion for summary judgment dismissing the complaint in part by dismissing the breach of warranty cause of action, but otherwise denied the motion. We agree with defendant that the court should have granted the motion in its entirety.

Defendant established that the action was commenced more than six years after the breach of contract cause of action accrued and was therefore time-barred (*see* CPLR 213 [2]; *Mongardi v BJ's Wholesale Club, Inc.*, 45 AD3d 1149, 1150). Contrary to plaintiff's contention, the relation back doctrine does not apply herein (*see* CPLR 203 [b]).

"[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for [s]tatute of [l]imitations purposes where the two defendants are 'united in interest' " (*Buran v Coupal*, 87 NY2d 173, 177, quoting CPLR 203 [b]).  Here, inasmuch as the prior action was dismissed, there was no amended pleading (*see Walls v Prestige Mgt., Inc.*, 73 AD3d 636, 637; *Alharezi v Sharma*, 304 AD2d 414, 414-415) and, moreover, Madalena was not a codefendant (*see Nevling v Chrysler Corp.*, 206 AD2d 221, 224-226; *Shepard v St. Agnes Hosp.*, 86 AD2d 628, 630).  Contrary to plaintiff's further contention, CPLR 205 (a) also does not apply herein inasmuch as the prior action was dismissed on the merits (*see Hausch v Clarke*, 8 AD3d 436, 437; *see generally Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 380).  Contrary to the determination of the court, the relation back doctrine cannot be "bootstrapped onto CPLR 205 (a)."

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court