Stanger v Shoprite of Monroe, NY (2020 NY Slip Op 00820)





Stanger v Shoprite of Monroe, NY


2020 NY Slip Op 00820


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10938 152038/18

[*1] Joel Stanger, et al., Plaintiffs-Respondents,
v
Shoprite of Monroe, NY, Defendant, Brixmor Property Group, Inc., et al., Defendants-Appellants.


Faust Goetz Schenker & Blee LLP, New York (Lisa De Lindsay of counsel), for appellants.
Westerman, Sheehy, Keenan, Samaan & Aydelott, LLP, White Plains (Matthew A. Bialor of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered February 22, 2019, which granted plaintiffs' motion for leave to serve an amended summons and amended verified complaint adding Brixmor Monroe Plaza, LLC (Brixmor Monroe) as a defendant to this action, and denied Brixmor Monroe's motion to dismiss the complaint and all cross claims against it as time barred, unanimously affirmed, without costs.
Plaintiffs timely commenced this action by summons with notice on March 6, 2018 against defendants Shoprite of Monroe, NY, Brixmor Property Group, Inc., Unisource Management Corporation, and Centrop NP. Plaintiffs filed and served a verified complaint on May 22, 2018. They then moved on June 4, 2018 for leave to amend the summons and complaint to add Brixmor Monroe as an additional defendant. Under CPLR 3025(a), plaintiffs were permitted to amend their pleadings as of right within 20 days from service of defendants' answers, the earliest of which was served on June 5, 2018. Since plaintiffs moved to amend their pleadings within the 20-day period, the court properly granted their motion, notwithstanding that they did not submit proposed amended pleadings with the motion, since they were permitted to amend their pleadings as of right.
The court also properly denied Brixmor Monroe's motion to dismiss the complaint against it as time-barred, since plaintiffs may rely on the relation back doctrine (CPLR 203[f]). Where a plaintiff seeks to add a new defendant under the relation back doctrine, the following three criteria must be met: "(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (Buran v Coupal, 87 NY2d 173, 178 [1995] [internal quotation marks and citations omitted]; see also Higgins v City of New York, 144 AD3d 511, 512-513 [1st Dept 2016]; CPLR 203[f]).
Brixmor Monroe does not dispute the first and third elements. At this stage of the litigation, in which discovery has not yet taken place, Brixmor Monroe's argument that plaintiffs' submissions do not establish that it is united in interest with Brixmor is unavailing, since on a motion to dismiss, the pleadings are to be liberally construed, and plaintiffs are entitled to the benefit of every favorable inference (see CPLR 3211; Goshen v Mutual Life Ins. Co. of N.Y., 98 [*2]NY2d 314, 326 [2002]). Whether plaintiffs can ultimately establish their allegation "is not part of the calculus in determining a motion to dismiss" (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK