Weik v LSG Sky Chefs N. Am. Solutions, Inc. (2021 NY Slip Op 00517)





Weik v LSG Sky Chefs N. Am. Solutions, Inc.


2021 NY Slip Op 00517


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 25723/14E Appeal No. 13001 Case No. 2020-02838 

[*1]Walter Weik, Plaintiff-Respondent
v
LSG Sky Chefs North America Solutions, Inc., et al., Defendants-Appellants, "John Doe" et al., Defendants.


Elsasser Law Group, PC, New York (Deborah A. Elsasser of counsel), for appellants.
Grey & Grey, LLP, Farmingdale (Evelyn F. Gross of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered November 8, 2019, which granted plaintiff's motion for leave to serve a supplemental summons and amended complaint naming Sky Chefs, Inc. (SCI) as a defendant, denied the motion of defendants LSG Sky Chefs North American Solutions (NAS) and LSG Sky Chefs Supply Chain Solutions (SCS) for summary judgment dismissing the complaint, and denied defendant Constance Food Group (CFG)'s cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendants NAS, SCS, and CFG's motions for summary judgment, and otherwise affirmed, without costs.
"[A] corporate defendant's registration to do business in New York and the designation of the Secretary of State to accept service of process in New York does not constitute consent by the corporation to submit to the general jurisdiction of New York for causes of action that are unrelated to the corporation's affiliations with New York" (see Fekah v Baker Hughes Inc., 176 AD3d 527, 528 [1st Dept 2019]). Accordingly, NAS did not consent to general jurisdiction by registering in New York.
The court did not have personal jurisdiction over NAS or SCS under CPLR 302. Although both transact business in New York (CPLR 302[a][1]), and SCS owns CFG, a company that owns real property in New York (see CPLR 302[a][4]), plaintiff failed to show a substantial relationship between his accident on a LaGuardia Airport tarmac and defendants' New York business contacts (see Johnson v Ward, 4 NY3d 516, 519 [2005]). To the extent that plaintiff's theory for reaching NAS and SCS relied on veil-piercing, he failed to allege NAS and SCS's corporate parent was using NAS or SCS to abuse the corporate form (see Deutsche Bank, AG v Vik, 142 AD3d 829 [1st Dept 2016]; New Media Holding Co. LLC v Kagalovsky, 97 AD3d 463, 464-465 [1st Dept 2012]). Since plaintiff also relies on a veil-piercing theory against CFG, but does not allege that the corporate form was abused, the court should have granted defendants' cross motion for summary judgment with respect to CFG (see Matter of Morris v State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; Sheridan Broadcasting Corp. v Small, 19 AD3d 331 [1at Dept 2005]).
The court correctly granted plaintiff's motion for leave to amend the complaint to add SCI as a defendant. Plaintiff adequately showed that the claim against SCI arose from the same injury, and that SCI knew or should have known that but for plaintiff's pleading error, it would have been included as a defendant (see Higgins v City of New York, 144 AD3d 511, 512-513 [1st Dept 2016]). With respect to the second criterion of the relation-back doctrine, which requires that plaintiff show the parties are united in interest, the fact that discovery is incomplete weighs in favor of allowing plaintiff to amend the complaint (see Stanger v Shoprite of Monroe, NY, 180 AD3d 408, 409 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER[*2]
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021