Stepanian v Bed, Bath, & Beyond, Inc. (2022 NY Slip Op 04477)

Stepanian v Bed, Bath, & Beyond, Inc.

2022 NY Slip Op 04477

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

443 CA 21-00351

[*1]JANET STEPANIAN, PLAINTIFF-RESPONDENT,
v
BED, BATH, & BEYOND, INC., DOING BUSINESS AS BED, BATH, & BEYOND, ET AL., DEFENDANTS, UNION CONSUMER IMPROVEMENTS, LLC, AND DLC MANAGEMENT CORPORATION, DEFENDANTS-APPELLANTS. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KEVIN J. KRUPPA OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
DIPASQUALE & CARNEY, LLP, BUFFALO (JASON R. DIPASQUALE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered February 25, 2021. The order granted the motion of plaintiff for leave to amend her complaint to add as defendants Union Consumer Improvements, LLC and DLC Management Corporation. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this negligence action seeking damages for personal injuries she allegedly sustained when she tripped and fell while attempting to enter a store located in a shopping plaza. Plaintiff originally named in the complaint the following defendants: Bed, Bath, & Beyond, Inc., doing business as Bed, Bath, & Beyond (BBB), the owner and operator of the store; DDR MDT Union Consumer Square, LLC (Square), the alleged owner of the plaza; and DLC Management Group, Inc. (Group), the alleged property manager of the plaza. After expiration of the statute of limitations applicable to an action to recover damages for personal injuries (see CPLR 214 [5]), plaintiff moved for leave to amend the complaint to add as defendants Union Consumer Improvements, LLC (Improvements) and DLC Management Corporation (Corporation) (collectively, appellants), entities that may have been the actual owners/operators of the plaza, on the ground that her claims against appellants related back to her claims against the originally named defendants. Supreme Court granted the motion and, inter alia, ordered that appellants had the right to later challenge the amendment of the complaint following the completion of discovery. Appellants appeal, and we now reverse.
We agree with appellants that the court erred in granting the motion because plaintiff failed to meet her burden of establishing the applicability of the relation back doctrine (see Johanson v County of Erie, 134 AD3d 1530, 1530-1531 [4th Dept 2015]; see generally Kirk v University OB-GYN Assoc., Inc., 104 AD3d 1192, 1193 [4th Dept 2013]). In order for the relation back doctrine to apply, a plaintiff must establish that "(1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant[s], and by reason of that relationship can be charged with such notice of the institution of the action that [it] will not be prejudiced in maintaining [its] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against [it] as well" (Buran v Coupal, 87 NY2d 173, 178 [1995] [internal quotation marks omitted]; see CPLR 203 [b]; Johanson, 134 AD3d at 1531). Only the second prong is in dispute here. "In [the] context [of this case], unity of interest means that the interest of the parties in the [subject matter] is such [*2]that they stand or fall together and that judgment against one will similarly affect the other . . . Although the parties might share a multitude of commonalities, . . . the unity of interest test will not be satisfied unless the parties share precisely the same jural relationship in the action at hand . . . Indeed, unless the original defendant[s] and new [defendants] are vicariously liable for the acts of the other[,] . . . there is no unity of interest between them" (Johanson, 134 AD3d at 1531 [internal quotation marks omitted]; see Verizon N.Y., Inc. v LaBarge Bros. Co., Inc., 81 AD3d 1294, 1296 [4th Dept 2011]).
Here, we agree with appellants that, contrary to the assertion in plaintiff's motion papers, the relation back doctrine does not apply as between Corporation and Group. "[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for [s]tatute of [l]imitations purposes where the two defendants are united in interest" (Moran v JRM Contr., Inc., 145 AD3d 1584, 1585 [4th Dept 2016] [emphasis added and internal quotation marks omitted]). Group, however, "was not a codefendant" when plaintiff moved for leave to amend the complaint because the court had already granted Group's motion for summary judgment seeking dismissal of the complaint against it on the ground that it was a similarly named, but unrelated entity mistakenly sued by plaintiff that conducted a different business in a different state and never had any relationship to the subject plaza (id. at 1586).
We also agree with appellants that, contrary to the assertion in plaintiff's motion papers, there is no unity of interest between Improvements and BBB. " '[U]nity of interest will not be found unless there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other,' " and a "landlord and tenant" relationship alone, without more, is insufficient to establish such unity of interest (Regina v Broadway-Bronx Motel Co., 23 AD3d 255, 255 [1st Dept 2005]; see Harris v City of New York, 122 AD3d 906, 908 [2d Dept 2014]).
As appellants correctly contend, plaintiff also failed to meet her burden of establishing that appellants were united in interest with Square. The record, including plaintiff's own submissions, indicates that appellants and Square are " 'separate and distinct business entities which have no jural relationship' " (Quine v Burkhard Bros., 167 AD2d 683, 684 [3d Dept 1990]), and plaintiff "failed to come forward with evidence that there is any type of interrelationship between them that would give rise to vicarious liability and entitle [her] to rely upon the relation back doctrine" (Stokes v Komatsu Am. Corp., 117 AD3d 1152, 1155 [3d Dept 2014]; see Zehnick v Meadowbrook II Assoc., 20 AD3d 793, 797 [3d Dept 2005], lv dismissed in part and denied in part 5 NY3d 873 [2005]). Contrary to the assertion in plaintiff's motion papers, even if appellants and Square had the same insurance carrier, that commonality is insufficient given that the unity of interest prong "will not be satisfied unless the parties share precisely the same jural relationship in the action at hand," which plaintiff failed to establish here (Zehnick, 20 AD3d at 796). Moreover, parties are not united in interest if "there is a possibility that the new party could have a different defense than the original party" (Montalvo v Madjek, Inc., 131 AD3d 678, 680 [2d Dept 2015]), or if "one can avoid liability by placing blame on the other" (Zehnick, 20 AD3d at 797). Here, the interests of appellants and Square in this litigation are "not identical" inasmuch as Square, which had transferred ownership of the plaza to another entity before appellants' purchase thereof, could assert a defense blaming appellants on the ground that they, not Square, "own[] the property which is alleged to have been negligently maintained" (id.; see Gerol v G & H Energy Maintenance Co., 239 AD2d 387, 387-388 [2d Dept 1997]).
Finally, we reject plaintiff's contention that the court properly granted the motion while preserving appellants' right to later challenge the amendment of the complaint following the completion of discovery. While plaintiff asserted that there are other ostensible bases upon which to determine that appellants and Square are united in interest, we conclude that plaintiff's "suspicions and conjecture as to the relationship between [appellants] and [Square] find no support in the record" (Regina, 23 AD3d at 255). Indeed, plaintiff's own submissions largely rebut her speculative assertions about the purported relationship between appellants and Square. Relatedly, even if incomplete discovery generally weighs in favor of allowing a plaintiff to amend the complaint (see Weik v LSG Sky Chefs N. Am. Solutions, Inc., 190 AD3d 662, 664 [1st Dept 2021]), we further conclude that, here, none of the allegations or evidence warrant that relief (see generally Regina, 23 AD3d at 255).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court