Patrick v Comprehensive Med. Supply, LLC (2024 NY Slip Op 01554)

Patrick v Comprehensive Med. Supply, LLC

2024 NY Slip Op 01554

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-03641
 (Index No. 21260/14)

[*1]Nancy Patrick, appellant, 
v
Comprehensive Medical Supply, LLC, et al., respondents, et al., defendant.

Stephen Bilkis & Associates, Baldwin, NY (Zara Watkins of counsel), for appellant.
Law Offices of Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY (Patricia M. D'Antone of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered March 28, 2022. The judgment, insofar as appealed from, upon an order of the same court (William B. Rebolini, J.), dated April 16, 2020, inter alia, granting that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant UTR, LLC, as time-barred, dismissed the amended complaint insofar as asserted against that defendant as time-barred.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In November 2011, the plaintiff allegedly was injured when she tripped and fell on a cement ramp at the entrance to her workplace. In October 2014, the plaintiff commenced this action to recover damages for personal injuries against the defendants Comprehensive Medical Supply, LLC (hereinafter Comprehensive), and Argus Holding Enterprises, Inc., alleging that they owned, controlled, or maintained the subject property. In April 2016, the plaintiff cross-moved for leave to amend the complaint to add the defendant UTR, LLC (hereinafter UTR), the actual owner of the property, as a party. The Supreme Court granted the plaintiff's cross-motion, but declined to determine, prior to discovery, the merits of any statute of limitations defense UTR might raise. Following discovery, the defendants moved for summary judgment dismissing the amended complaint contending, inter alia, that the amended complaint was time-barred insofar as asserted against UTR and that UTR owned and maintained the property where the accident took place, whereas Comprehensive owned and maintained an adjacent property. By order dated April 16, 2020, the court, among other things, granted that branch of the motion which was to dismiss the amended complaint insofar as asserted against UTR as time-barred. On March 28, 2022, the court entered a judgment, inter alia, dismissing the amended complaint insofar as asserted against UTR as time-barred. The plaintiff appeals.
The defendants met their initial burden of demonstrating that the amended complaint was untimely insofar as asserted against UTR because it is undisputed that the amended complaint was filed outside the three-year statute of limitations (see CPLR 214[5]). Thus, the burden shifted to the plaintiff to present evidence raising a question of fact as to whether the relation-back doctrine applied (see Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d 850, 851). "The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original [*2]party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (Mitzmacher v Bay Country Owners, 211 AD3d 1025, 1026 [internal quotation marks omitted]; see CPLR 203; Buran v Coupal, 87 NY2d 173, 178-181).
"Defendants are united in interest only when their interest in the subject-matter [of the action] is such that [the defendants] stand or fall together and that judgment against one will similarly affect the other" (Chandler v New York City Tr. Auth., 209 AD3d 825, 826-827 [internal quotation marks omitted]; see Matter of Nemeth v K-Tooling, 40 NY3d 405, 415). "The fact that two defendants may share resources such as office space and employees is not dispositive" (Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 800 [internal quotation marks omitted]; see Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d 656, 659; Zehnick v Meadowbrook II Assoc., 20 AD3d 793, 796-797). Defendants "are not united in interest if there is a possibility that the new party could have a defense different from that of the original party" (Matter of 130-10 Food Corp. v New York State Div. of Human Rights, 166 AD3d 962, 965; see Montalvo v Madjek, Inc., 131 AD3d 678, 680).
Here, the plaintiff failed to establish that Comprehensive and UTR were united in interest as required to satisfy the second prong of the relation-back doctrine. The plaintiff's showing that the separate entities shared resources and had a common owner, managing member, and insurer was insufficient to establish that they were united in interest (see Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d at 659; Zehnick v Meadowbrook II Assoc., 20 AD3d at 796). Moreover, the entities had manifestly different defenses, as Comprehensive sought to avoid liability on the ground that UTR, not Comprehensive, "own[ed] the property which is alleged to have been negligently maintained" (Stepanian v Bed, Bath, & Beyond, Inc., 207 AD3d 1182, 1184 [internal quotation marks omitted]; see Mitzmacher v Bay Country Owners, 211 AD3d at 1026; Zehnick v Meadowbrook II Assoc., 20 AD3d at 796). Accordingly, the Supreme Court properly determined that the amended complaint was time-barred insofar as asserted against UTR.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court