■ GATEWAY STATE BANK, Respondent, v JOSEPH PUMA, Appellant, et al., Defendant. [644 NYS2d 560] —In an action to foreclose a mortgage on real property, the defendant Joseph Puma appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated June 8, 1995, which (1) denied his motion to vacate a deficiency judgment insofar as it is against him, and (2) granted the cross motion of the plaintiff for leave to enter a deficiency judgment against him "only to the extent that the deficiency judgment previously entered herein [is declared to be] a valid and enforceable judgment".

Ordered that the order is reversed, on the law, with costs, the motion is granted, the deficiency judgment is vacated insofar as it is against the appellant, and the cross motion is denied.

On April 17, 1990, the appellant, Joseph Puma, and the co-defendant, Adam Krebushevski, signed a mortgage note in the principal sum of $140,000, and simultaneously issued a mortgage covering certain real property. After the occurrence of a default under the terms of the note, and after the commencement of the present action, the mortgaged property was sold pursuant to a judgment of foreclosure dated March 23, 1992.

The plaintiff subsequently attempted to serve the appellant with a copy of a notice of motion for a deficiency judgment, dated July 27, 1993. This motion was eventually submitted without the appellant having appeared, and resulted in a deficiency judgment, dated September 14, 1994, in the principal sum of $40,503.26, being entered against him.

On February 24, 1995, the appellant made a motion to vacate the deficiency judgment on the ground that he had not been properly served with the notice of motion mentioned above. The plaintiff opposed this application, and also made a cross motion for the entry of a second deficiency judgment. The court denied the motion, and granted the cross motion solely to the extent that the existing deficiency judgment was declared to be valid. We reverse.

The record establishes that the appellant was not served with the notice of motion for leave to enter a deficiency judgment in accordance with the provisions of RPAPL 1371 (2), and there is no proof that he received actual notice of the motion within the 90-day period as defined in this statute. This constitutes "a complete bar to the entry of a deficiency judgment" (*Mortgage Affiliates Corp. v Jerder Realty Servs.*, 62 AD2d 591, 594, *affd* 47 NY2d 796; *cf., Bianco v Coles*, 131 AD2d 10; *Berkman v Silverstein*, 245 App Div 891), and the appellant is not estopped from seeking vacatur of the deficiency judgment based on this notice argument (*see generally, Ray v Metropolitan Transp. Auth.*, 221 AD2d 613; *Cuomo v Cuomo*, 144 AD2d 331; *cf., Poet v Kolenda*, 142 AD2d 633).

Contrary to the plaintiff's argument on appeal, the Supreme Court implicitly denied, as academic, so much of its cross motion as sought leave to enter a second deficiency judgment. This application was properly denied as academic in light of the court's conclusion that the first deficiency judgment was enforceable. We find that the plaintiff's attempt to enter a

second deficiency judgment well beyond the 90-day period prescribed in RPAPL 1371 (2), is unwarranted. The appellant did not waive his objection to such untimeliness. Also, the terms of CPLR 203 (b) do not operate so as to allow this belated cross motion to "relate back" to the notice of motion for a deficiency judgment previously served on the codefendant. There was no proof that the two men were "united in interest". There was no proof that the relationship between them was such as to permit actual notice to be imputed to the appellant based on the service of the original notice of motion for a deficiency judgment on the codefendant (*see generally, Buran v Coupal,* 87 NY2d 173). Such actual notice within the applicable limitations period is the " 'linchpin' " of the relation back doctrine (*Buran v Coupal, supra,* at 180, quoting *Schiavone v Fortune,* 477 US 21, 31; *see also, Virelli v Goodson-Todman Enters.,* 142 AD2d 479). Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.