■ STEPHEN BERKELEY, Appellant, v 89TH JAMAICA REALTY COMPANY, L.P., Defendant, and SUNG YU CORP., Respondent. [29 NYS3d 470]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered March 14, 2014, as denied his motion (a) to restore this action to the trial calendar, and (b) to renew his prior motion pursuant to CPLR 203 (b) and (f) to relate his claim against the nonparty Hong Yu Corp. back to the date of service of the summons and complaint upon the defendant Sung Yu Corp., for leave to serve a supplemental summons and amended complaint adding Hong Yu Corp. as a defendant, or, in the alternative, to deem a supplemental summons and amended complaint purportedly served on December 13, 2007, to have been timely served and filed nunc pro tunc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that on July 17, 2005, while he was exiting a store, a metal gate being lowered by a store employee hit him on the head, causing him to fall to the ground and sustain injuries. The plaintiff timely commenced an action against the owner of the premises, the defendant 89th Jamaica Realty Company, L.P. (hereinafter 89th Jamaica Realty), and the lessee of the premises, Sung Yu Corp. On October 23, 2007, the plaintiff deposed a representative of Sung Yu Corp., Hosang Yu, who testified that a portion of the leased premises was informally subleased to Hong Yu Corp., which operated the part of the premises where the accident occurred. Hosang Yu testified at his deposition that both corporations had the same officers, but were two different companies.

On December 13, 2007, the plaintiff purportedly served, without leave of court, a supplemental summons and amended complaint adding Hong Yu Corp. as a party defendant. The plaintiff failed to file the supplemental summons and amended complaint or proof of service with the Supreme Court. Only 89th Jamaica Realty interposed an answer to the amended complaint. In early 2008 the plaintiff filed a note of issue. On February 14, 2008, the parties stipulated to amending the caption to add Hong Yu Corp. as a defendant, and that the plaintiff would serve and file a supplemental summons and amended complaint within 30 days upon all parties. However, the plaintiff failed to file this stipulation with the court.

By order dated April 14, 2009, the Supreme Court denied that branch of a motion by 89th Jamaica Realty which was to amend the caption to add Hong Yu Corp. as a defendant. The court denied that branch of the motion based upon the plaintiff's service of the supplemental summons and amended complaint without leave of court, and failure to file the stipulation, the supplemental summons and amended complaint, and proof of service with the court. On May 17, 2012, the plaintiff moved pursuant to CPLR 203 (b) and (f) to relate his claim against Hong Yu Corp. back to the date of service of the summons and complaint upon the defendant Sung Yu Corp., for leave to serve a supplemental summons and amended complaint adding Hong Yu Corp. as a defendant, or, alternatively, to deem the supplemental summons and amended complaint purportedly served on December 13, 2007, to have been timely served and filed nunc pro tunc. While the plaintiff's motion was still pending, in an order dated September 12, 2012, the court vacated the note of issue, stating that the parties had reported that significant discovery remained outstanding. In an order dated September 24, 2012, the court denied

the plaintiff's motion with leave to renew. On July 24, 2013, the plaintiff moved to restore this action to the trial calendar, and to renew his prior motion. The court denied the plaintiff's motion, and the plaintiff appeals.

The plaintiff contends that the action was merely marked off the trial calendar while the parties awaited the Supreme Court's determination of his motion, inter alia, for leave to serve a supplemental summons and amended complaint adding Hong Yu Corp. as a defendant. He contends that he therefore did not need to comply with the requirements of Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f) in order to restore the action to the trial calendar. However, in the order dated September 12, 2012, the court vacated the note of issue, stating that the parties had reported that significant discovery remained outstanding. Therefore, in order to reinstate the note of issue and restore the action to the trial calendar, the plaintiff had to satisfy the requirements of Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f), including submitting a proper and sufficient certificate of readiness and proffering an affidavit by a person having first-hand knowledge showing that there is merit to the action, satisfactorily showing the reasons for the acts or omissions which led to the note of issue being vacated, stating meritorious reasons for its reinstatement, and showing that the case is presently ready for trial (see *Basetti v Nour*, 287 AD2d 126, 132 [2001]). The plaintiff failed to do so. Accordingly, the court properly denied that branch of the plaintiff's motion which was to restore this action to the trial calendar.

The Supreme Court also properly denied that branch of the plaintiff's motion which was to renew his prior motion pursuant to CPLR 203 (b) and (f) to relate his claim against Hong Yu Corp. back to the date of service of the summons and complaint on Sung Yu Corp. The plaintiff argues that the relation-back doctrine applies herein because (1) the action arose from an accident that occurred on premises leased by Sung Yu Corp., a portion of which was subleased to Hong Yu Corp., (2) there was no written sublease agreement between Hong Yu Corp. and Sung Yu Corp., and (3) the two corporations shared officers and operated their respective businesses on the same premises.

The three conditions that a plaintiff must satisfy before claims against one defendant may relate back to claims asserted against another are: (1) both claims must arise out of the same conduct, transaction, or occurrence, (2) the new party must be united in interest with the original defendant, and by reason of that relationship can be charged with such notice of

the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and (3) the new party either knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]).

To establish that Hong Yu Corp. is united in interest with Sung Yu Corp., the plaintiff had to show that their interest in the subject matter of the action is such that they stand or fall together and that a judgment against one would similarly affect the other (*see Gatto v Smith-Eisenberg*, 280 AD2d 640, 641 [2001]). "If the relationship between the parties is such that one may have a defense not available to the other, they are not united in interest" (*Desiderio v Rubin*, 234 AD2d 581, 583 [1996] [interal quotation marks omitted]; *see Connell v Hayden*, 83 AD2d 30 [1981]). Further, parties' interests are united only where one is vicariously liable for the acts of the other (*see Desiderio v Rubin*, 234 AD2d at 583).

Here, the fact that Sung Yu Corp. and Hong Yu Corp. shared resources, such as business space and officers, or that Hong Yu Corp. had an informal sublease agreement with Sung Yu Corp., is not dispositive (*see Montalvo v Madjek, Inc.*, 131 AD3d 678 [2015]; *Harris v City of New York*, 122 AD3d 906 [2014]; *Xavier v RY Mgt. Co., Inc.*, 45 AD3d 677 [2007]; *Regina v Broadway-Bronx Motel Co.*, 23 AD3d 255 [2005]; *Bettis v County of Nassau*, 212 AD2d 749 [1995]). The plaintiff failed to demonstrate that Sung Yu Corp. was vicariously liable for the acts of Hong Yu Corp., or that the interests of Hong Yu Corp. and Sung Yu Corp. stood and fell together such that a judgment against one would similarly affect the other.

In addition, the plaintiff failed to satisfy the third condition, which requires proof that the new party knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against it as well (*see Buran v Coupal*, 87 NY2d at 178). Given the plaintiff's knowledge of the existence of Hong Yu Corp. and its involvement in the case long before the applicable limitations period had expired, and the plaintiff's failure to join Hong Yu Corp. as a defendant during that period, the plaintiff did not establish that Hong Yu Corp. knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been commenced against it as well (*see Sally v Keyspan Energy Corp.*, 106 AD3d 894 [2013]; *Arsell v Mass One LLC*, 73 AD3d 668 [2010]; *Bryant v South Nassau Communities Hosp.*, 59 AD3d 655 [2009]; *Pansini*

*Stone Setting, Inc. v Crow & Sutton Assoc., Inc.*, 46 AD3d 784 [2007]; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443 [2007]; *Austin v Interfaith Med. Ctr.*, 264 AD2d 702 [1999]).

The plaintiff's remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.