■ Lilia Arana et al., Respondents, v Lawrence E. Kish, as Executor of Thecla Kish, Also Known as Techla Kish, Deceased, Respondent, and Patterson Fuel Oil Company, Inc., et al., Appellants. [40 NYS3d 480]—

In an action to recover damages for personal injuries, etc., the defendants Patterson Fuel Oil Company, Inc., and Patterson Energy Group appeal from an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated July 30, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them pursuant to CPLR 3212, or, in the alternative, to dismiss the complaint and all cross claims insofar as asserted against them pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with one bill of costs payable to the plaintiffs and the defendant Lawrence E. Kish appearing separately and filing separate briefs.

The plaintiff Lilia Arana (hereinafter the plaintiff) allegedly was injured when she attempted to add water to a boiler in the basement of the residence of the defendant Lawrence E. Kish's decedent (hereinafter the decedent), where she was working as a home health aide. While the plaintiff was attempting to adjust the water level in the boiler, hot water allegedly came out of the boiler and hit her shoulder and back, causing injuries. The plaintiffs brought this action against Kish, as the executor of the decedent's estate, and Patterson Fuel Oil Company, Inc., and Patterson Energy Group (hereinafter together the Patterson defendants), who had a boiler service and maintenance agreement with the decedent.

The Supreme Court correctly denied that branch of the motion of the Patterson defendants which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. "Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (*Cioffi v Klein*, 119 AD3d 886, 888 [2014]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). However, there are three exceptions to that general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140 [internal quotation marks and citations omitted]).

Here, the Patterson defendants established, prima facie, that they did not launch a force or instrument of harm, and the plaintiffs failed to raise a triable issue of fact in that regard. Further, the plaintiffs do not allege that they detrimentally relied on the continued performance of the Patterson defendants' duties. However, the Patterson defendants failed to meet their prima facie burden of establishing that they had not entirely displaced the decedent's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). The Patterson defendants failed to include a complete copy of their service and maintenance agreement with the decedent (*see Lokenauth v The Mount Sinai Hosp.*, 2014 NY Slip Op 31750[U] [Sup Ct, NY County 2014]). There are triable issues of fact as to whether that agreement was comprehensive and

exclusive (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]), and whether the Patterson defendants breached a duty to the decedent. Because the Patterson defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Furthermore, the Supreme Court properly denied that branch of the Patterson defendants' motion which was to dismiss the complaint and all cross claims insofar as asserted against them pursuant to CPLR 3211 (a) (7), as the plaintiffs have a cause of action against the defendants to recover damages for negligence. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.