■ GEORGETTE TURANO, Respondent, v TWO HILLSIDE AVENUE REALTY CORP. et al., Defendants, and DENNIS J. RICHARD et al., as Trustees under the DENNIS J. RICHARD AND AMY L. RICHARD TRUST, Executed on May 25, 2001, Appellants. [56 NYS3d 200]—

In an action to recover damages for personal injuries, the defendants Dennis J. Richard and Amy Richard, as trustees, under the Dennis J. Richard and Amy L. Richard trust, executed on May 25, 2001, appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered April 15, 2016, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she tripped and fell over a defect in the parking lot of a commercial building which had been subdivided into eight separate units. The owner of each unit also owned the portion of the parking lot which was immediately adjacent to that unit. The defect was located in

the part of the parking lot which was nearest the street, where the driveway for the lot crossed a sidewalk.

The plaintiff commenced this action against the owners of all eight units, including the defendants Dennis J. Richard and Amy Richard, as trustees, under the Dennis J. Richard and Amy L. Richard trust, executed on May 25, 2001 (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that they did not own the portion of the parking lot which contained the defect, and thus owed no duty of care to the plaintiff. The Supreme Court denied the motion, and the defendants appeal.

"Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (*Russo v Frankels Garden City Realty Co.*, 93 AD3d 708, 710 [2012]; *see Franks v G & H Real Estate Holding Corp.*, 16 AD3d 619, 620 [2005]). In moving for summary judgment, the defendants argued that they did not owe a duty of care to the plaintiff since they did not "own, operate, maintain or have anything to do with the area of the property and parking lot at or near the location where plaintiff's accident occurred." In support of the motion, the defendants submitted a copy of their deed, which stated that their property was subject to a "Declaration of Common Driveway Easement and Restrictive Covenant" (hereinafter the easement). The defendants, however, failed to submit a copy of the easement, without which it was impossible to determine what obligation, if any, the defendants had to maintain the portion of the lot where the accident occurred. Thus, the defendants failed to establish, prima facie, that they did not owe a duty of care to the plaintiff (*see generally Arana v Kish*, 144 AD3d 616, 617 [2016]; *Michalczuk v Resort Realty Assoc. Partnership*, 131 AD3d 457, 457-458 [2015]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, without regard to the sufficiency of the papers filed in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1964]). Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.