Kammerzell v Clean Burn, Inc. (2018 NY Slip Op 06724)





Kammerzell v Clean Burn, Inc.


2018 NY Slip Op 06724


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-03176
 (Index No. 2030/13)

[*1]Scott Kammerzell, appellant, 
v
Clean Burn, Inc., defendant third-party plaintiff-respondent; A.R. Sandri, Inc., third-party defendant-respondent.


Creedon & Gill, P.C., Northport, NY (Peter J. Creedon and Anita Nissan Yehuda of counsel), for appellant.
Leon R. Kowalski (McGaw, Alventosa & Zajac, Jericho, NY [Ross P. Masler], of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated January 27, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to amend the complaint to add A.R. Sandri, Inc., as an additional defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 12, 2010, the plaintiff allegedly was injured by an explosion at an auto repair shop where he was employed. In 2013, the plaintiff commenced this action against Clean Burn, Inc. (hereinafter Clean Burn), the manufacturer of an allegedly defective waste oil heater. In May 2014, Clean Burn commenced a third-party action against A.R. Sandri, Inc. (hereinafter Sandri), the distributor of the waste oil heater. In November 2015, the plaintiff moved, inter alia, for leave to amend the complaint to add Sandri as an additional defendant. The Supreme Court denied that branch of the motion, and the plaintiff appeals.
Since the relevant three-year statute of limitations (see CPLR 214) expired prior to the filing of the plaintiff's motion, the plaintiff was required to demonstrate the applicability of the relation-back doctrine (see Buran v Coupal, 87 NY2d 173, 177-178). "[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are united in interest'" (id. at 177, quoting CPLR 203[b]). Here, the plaintiff has not established that the relation-back doctrine is applicable. The record reveals that Clean Burn and Sandri are separate and distinct business entities which have no jural relationship (see Capital Dimensions v Samuel Oberman Co., 104 AD2d 432, 433). Neither corporation is vicariously liable for the acts of the other. There is no evidence of a relationship that would support the conclusion that there is unity of interest between them (see Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d 656, 658-659; Connell v Hayden, 83 AD2d 30, 44-45). Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was [*2]for leave to amend the complaint to add Sandri as a defendant.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court