Leung v Port Auth. of N.Y. & N.J. (2022 NY Slip Op 02257)

Leung v Port Auth. of N.Y. & N.J.

2022 NY Slip Op 02257

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2019-10854
2022-02078
 (Index No. 700459/16)

[*1]Roger Leung, appellant, 
v
Port Authority of New York and New Jersey, respondent.

Hach & Rose, LLP, New York, NY (Michael A. Rose, Jon Connery, and Mark G. Sokoloff of counsel), for appellant.
Fox Rothschild, LLP, New York, NY (Diane Westwood Wilson and Paul Nathan Bowles of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Maureen A. Healy, J.), dated August 19, 2019. The order, insofar as appealed from, denied the plaintiff's cross motion for leave to serve a supplemental summons and amended complaint to add JFK International Air Terminal, LLC, as a defendant. The appeal brings up for review so much of an order of the same court dated June 10, 2020, as, upon reargument, adhered to the original determination (see CPLR 5517[b]).
ORDERED that the appeal from the order dated August 19, 2019, is dismissed, as the portion of the order appealed from was superseded by the order dated June 10, 2020, made upon reargument; and it is further,
ORDERED that the order dated June 10, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In January 2016, the plaintiff commenced this action against the Port Authority of New York and New Jersey (hereinafter the Port Authority) to recover damages for personal injuries allegedly sustained when he slipped and fell on ice on the airport apron at Terminal 4 of John F. Kennedy International Airport (hereinafter JFK). The Port Authority interposed an answer to the complaint in which, inter alia, it averred that it leases portions of JFK to others.
In November 2018, the Port Authority moved for summary judgment dismissing the complaint on the ground that at the time of the subject incident it was an out-of-possession landlord. In support of its motion, the Port Authority submitted, inter alia, a copy of a lease between it and JFK International Air Terminal, LLC (hereinafter JFK IAT). In an affirmation in support of the motion, the Port Authority's attorney stated that the Port Authority had provided a copy of the lease to the plaintiff on April 13, 2017, as part of its document production.
The plaintiff cross-moved for leave to serve a supplemental summons and amended complaint to add JFK IAT as a defendant. In an order dated August 19, 2019, the Supreme Court granted the Port Authority's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to serve a supplemental summons and amended complaint to add JFK IAT as a defendant. Subsequently, upon reargument, the court adhered to its original determination denying the plaintiff's cross motion for leave to serve a supplemental summons and amended complaint to add JFK IAT as a defendant. The plaintiff appeals.
Since the plaintiff sought leave to serve a supplemental summons and amended complaint to add JFK IAT as a defendant after the expiration of the relevant three-year statute of limitations (see CPLR 214), the plaintiff was required to demonstrate the applicability of the relation-back doctrine (see Buran v Coupal, 87 NY2d 173, 177-178; Kammerzell v Clean Burn, Inc., 165 AD3d 768, 769). "The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031, 1033-1034 [internal quotation marks omitted]; see Buran v Coupal, 87 NY2d at 178).
Here, the Port Authority's defense to the plaintiff's negligence claim was that it was an out-of-possession landlord, and that JFK IAT had exclusive possession and control, including responsibility for all maintenance and repairs, over the area where the plaintiff slipped and fell. Notably, the Supreme Court granted the Port Authority's motion for summary judgment dismissing the complaint on that ground, and the plaintiff did not appeal that determination. Under the circumstances, the plaintiff failed to demonstrate that the Port Authority and JFK IAT, who have manifestly different defenses to the plaintiff's claim and would not stand or fall together, are united in interest (see McLaughlin v 22 New Scotland Ave., LLC, 132 AD3d 1190, 1193; see also Arsell v Mass One LLC, 73 AD3d 668, 669-670; Hilliard v Roc-Newark Assoc., 287 AD2d 691, 692-693). Contrary to the plaintiff's contention, the fact that JFK IAT is required by the terms of the lease to indemnify the Port Authority as to any claims arising out of the use and occupancy of the subject premises does not establish that they are united in interest as to the plaintiff's claim in the absence of vicarious liability (see Hilliard v Roc-Newark Assoc., 287 AD2d at 693-694).
Moreover, the record establishes that the plaintiff knew or should have known of the existence of JFK IAT and its involvement in the case well before the expiration of the applicable three-year statute of limitations but failed to join JFK IAT as a defendant during that time period. The Port Authority's verified answer indicated that it may have leased the subject premises. Moreover, the plaintiff does not dispute that, during the course of discovery, more than nine months before the expiration of the statute of limitations, the Port Authority provided him with a copy of the subject lease. Under such circumstances, the plaintiff failed to establish that JFK IAT knew or should have known that, but for a mistake, the action would have been brought against it as well (see Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d 656, 659-660; Arsell v Mass One LLC, 73 AD3d at 670).
Accordingly, the Supreme Court, upon reargument, properly adhered to its prior determination denying the plaintiff's cross motion for leave to serve a supplemental summons and amended complaint to add JFK IAT as a defendant.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court