Mitzmacher v Bay Country Owners (2022 NY Slip Op 07444)

Mitzmacher v Bay Country Owners

2022 NY Slip Op 07444

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-00101
2020-00102
 (Index No. 714747/16)

[*1]Dana Mitzmacher, et al., appellants, 
v
Bay Country Owners, defendant-respondent, et al., defendant; 23-45-55 Bell Owners Corp., nonparty-respondent.

Rosmarie Arnold, New York, NY (William R. Stoltz of counsel), for appellants.
Margaret G. Klein & Associates (Barclay Damon LLP, Albany, NY [Colm P. Ryan and Steven E. Mach], of counsel), for defendant-respondent.
Crafa & Sofield, P.C., Garden City, NY (Joseph R. Crafa of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from two orders of the Supreme Court, Queens County (Janice A. Taylor, J.), both dated December 12, 2019. The first order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to amend the complaint. The second order granted the motion of the defendant Bay Country Owners for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is reversed, on the law, and the motion of the defendant Bay Country Owners for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to nonparty 23-45-55 Bell Owners Corp. payable by the defendant Bay Country Owners.
In February 2014, the plaintiff Dana Mitzmacher (hereinafter the injured plaintiff) allegedly slipped and fell on snow and ice in a parking lot of a four-building apartment complex in Queens. In December 2016, the injured plaintiff and her husband, the plaintiff Bill Mitzmacher, commenced this action to recover damages for personal injuries against, among others, the defendant Bay Country Owners (hereinafter the defendant), which owns two of the apartment buildings in the complex. The plaintiffs alleged that the defendant owned and maintained the subject parking lot.
In April 2019, the plaintiffs moved, inter alia, for leave to amend the complaint to add nonparty 23-45-55 Bell Owners Corp. (hereinafter Bell Owners), which owns the other two buildings in the complex, as a defendant. The plaintiffs alleged that Bell Owners owned and maintained the subject parking lot. The defendant moved for summary judgment dismissing the complaint insofar [*2]as asserted against it. In an order dated December 12, 2019, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for leave to amend the complaint. In a separate order also dated December 12, 2019, the court granted the defendant's motion. The plaintiffs appeal.
"'The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well'" (Leung v Port Auth. of N.Y. & N.J., 204 AD3d 654, 655, quoting Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031, 1033-1034). "Parties are united in interest if their interest 'in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other'" (Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 800, quoting Mondello v New York Blood Ctr.--Greater N.Y. Blood Program, 80 NY2d 219, 226 [internal quotation marks omitted]). "'In a negligence action, the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other'" (Mileski v MSC Indus. Direct Co., Inc., 138 AD3d at 800, quoting Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679 [internal quotation marks omitted]).
Here, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to amend the complaint to add Bell Owners as a defendant because the relevant statute of limitations period had expired and the plaintiffs failed to demonstrate that the relation-back doctrine applied. The plaintiffs failed to establish that Bell Owners and the defendant were united in interest, as the record demonstrates that Bell Owners and the defendant each seek to demonstrate, in effect, that the other owns and maintains the subject parking lot. Accordingly, their defenses to the plaintiffs' claims do not stand or fall together. Moreover, the plaintiffs failed to demonstrate that either Bell Owners or the defendant is vicariously liable for the acts of the other. Finally, the record demonstrates that, prior to the expiration of the statute of limitations, the plaintiffs were aware of the existence of Bell Owners, its ownership of two buildings in the complex, and that it leased out parking spaces in the subject parking lot. Under the circumstances, the plaintiffs cannot establish that Bell Owners should have known that, but for a mistake, the action would have been brought against it as well (see Leung v Port Auth. of N.Y. & N.J., 204 AD3d at 656; Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d 656, 659).
The Supreme Court, however, erred in granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. "'As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property'" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1013, quoting Millman v Citibank, 216 AD2d 278, 278). Here, the defendant established, prima facie, that it did not own or control the subject parking lot. However, in opposition to the defendant's motion, the plaintiffs submitted the affidavit of Bill Mitzmacher, who was a board member of Bell Owners and averred that the defendant and Bell Owners jointly controlled the complex's parking lots, shared responsibility for maintaining the parking lots, and jointly hired contractors to perform snow and ice removal in the lots. Accordingly, the plaintiffs raised a triable issue of fact as to whether the defendant shared control of the subject parking lot, warranting denial of the defendant's motion (cf. Turano v Two Hillside Ave. Realty Corp., 150 AD3d 1303, 1304).
We do not reach the defendant's challenge to the form or competency of Bill Mitzmacher's affidavit, as it was improperly raised for the first time on appeal (see King v CSC Holdings, LLC, 123 AD3d 888, 889; Brady v Westchester County Healthcare Corp., 78 AD3d 1097, 1099).
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court