Ragusa v Drazie's Farm II, LLC (2024 NY Slip Op 01944)

Ragusa v Drazie's Farm II, LLC

2024 NY Slip Op 01944

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-05950
 (Index No. 613179/18)

[*1]Matthew Ragusa, appellant, 
v
Drazie's Farm II, LLC, respondent.

Rappaport, Glass, Levine & Zullo, LLP (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
Wade Clark Mulcahy LLP, New York, NY (Gabriella Scarmato, Michael A. Bono, Corey Morgenstern, and Abed Z. Bhuyan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated July 8, 2022. The order, insofar as appealed from, denied the plaintiff's cross-motion for leave to amend the amended complaint to add an additional defendant, and granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2016, the plaintiff, who was employed as a lighting technician, allegedly was injured when he fell from an A-frame ladder while he was removing decorations and light fixtures from a support column in a tent. In 2018, the plaintiff commenced this action asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1) against the defendant, which the plaintiff alleged was the owner of the property where the accident occurred (hereinafter the subject property). Thereafter, the defendant moved for summary judgment dismissing the amended complaint, contending, among other things, that it did not own the subject property, that a separate entity, Drazie's Farm, LLC (hereinafter the proposed defendant), was the actual owner of the subject property, and that it was the owner of property adjoining the subject property. In March 2022, the plaintiff opposed the defendant's motion and cross-moved for leave to amend the amended complaint to add the proposed defendant as an additional defendant, contending, inter alia, that the relation-back doctrine applied. The Supreme Court, among other things, denied the plaintiff's cross-motion for leave to amend the amended complaint and granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The plaintiff appeals, and we affirm.
"The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the [*2]additional party as well" (Mitzmacher v Bay Country Owners, 211 AD3d 1025, 1026 [internal quotation marks omitted]). "Parties are united in interest when their interests in the subject matter is such that they will stand or fall together with respect to the plaintiff's claim" (Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679). "If the relationship between the parties is such that one may have a defense not available to the other, they are not united in interest" (Desiderio v Rubin, 234 AD2d 581, 583 [internal quotation marks omitted]; see Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d 656, 659; Connell v Hayden, 83 AD2d 30, 41-42).
Regarding the united in interest prong, the record demonstrates that the defendant and the proposed defendant were separate limited liability companies that owned adjoining properties and that, as adjoining property owners, they had different defenses (see Mizmacher v Bay Country Owners, 211 AD3d at 1026; Leung v Port Auth. of N.Y. & N.J., 204 AD3d 654, 656; Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d at 659; Xavier v RY Mgt. Co., Inc., 45 AD3d at 679). Thus, the interests of the defendant and the proposed defendant did not stand and fall together such that a judgment against one would similarly affect the other (see Mitzmacher v Bay Country Owners, 211 AD3d at 1026; Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d at 659). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion for leave to amend the amended complaint.
"'Labor Law § 240 requires contractors and property owners, engaged in, among other things, the construction, demolition, or repair of buildings or structures, to furnish or erect scaffolding, ladders, pulleys, ropes, and other safety devices, which must be constructed, placed, or operated as to give proper protection for workers'" (Nucci v County of Suffolk, 204 AD3d 817, 818, quoting Ortega v Puccia, 57 AD3d 54, 58). Here, the defendant established, prima facie, that it cannot be held liable under Labor Law § 240(1) because it did not own the subject property nor could it be considered an owner of the subject property for purposes of that statute (see Fucci v Douglas S. Plotke, Jr., Inc., 124 AD3d 835, 836; Lacey v Long Is. Light. Co., 293 AD2d 718, 718-719). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court