U.S. Bank N.A. v 1702 Dean, LLC (2025 NY Slip Op 04501)

U.S. Bank N.A. v 1702 Dean, LLC

2025 NY Slip Op 04501

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-10001
 (Index No. 10619/10)

[*1]U.S. Bank National Association, etc., respondent,
v
1702 Dean, LLC, appellant, et al., defendants.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Leah R. Lenz and Brian S. McGrath of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 1702 Dean, LLC, appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated October 17, 2022. The order, insofar as appealed from, denied that defendant's cross-motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of the defendant 1702 Dean, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it is granted.
On September 19, 2006, Ghislaine Bertrand (hereinafter Ghislaine) executed a note in the sum of $598,160, which was secured by a mortgage on certain residential property located in Brooklyn (hereinafter the premises). Ghislaine died on August 29, 2007. By deed dated November 10, 2007, Gerard Bertrand, Yves Bertrand, and Gerald J. Bertrand (hereinafter Gerald), as Ghislaine's sole surviving heirs, conveyed the premises to Gerald alone. Thereafter, the mortgage was assigned to the plaintiff.
On April 28, 2010, the plaintiff commenced this action against Gerald, among others, to foreclose the mortgage. The complaint incorrectly stated that the tax map designation for the premises was Block 1349, Lot 28, when the correct designation was actually Block 1348, Lot 28. At the same time, the plaintiff filed a notice of pendency against the premises, which also incorrectly described the premises as having the tax map designation of Block 1349, Lot 28. Gerald failed to appear or answer the complaint. In an order dated July 25, 2013, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
By deed dated July 25, 2013, Gerald conveyed the premises to 1702 Dean, LLC (hereinafter the LLC). By deed dated September 13, 2013, Gerald conveyed the premises to AG2 Equities, Inc. (hereinafter AG2). On October 4, 2013, the plaintiff filed a second notice of pendency, again incorrectly listing the tax map designation of the premises as Block 1349, Lot 28. By deed dated February 13, 2015, AG2 conveyed the premises to the LLC. On August 3, 2016, the plaintiff [*2]filed a third notice of pendency against the premises, once more incorrectly listing the tax map designation of the premises as Block 1349, Lot 28.
On February 7, 2017, the Supreme Court issued a judgment of foreclosure and sale. On April 7, 2017, the plaintiff filed a fourth notice of pendency, which correctly listed the tax map designation of the premises as Block 1348, Lot 28. On November 3, 2017, the plaintiff filed a notice withdrawing the judgment of foreclosure and sale.
In July 2018, the LLC moved, inter alia, for leave to intervene in the action. In October 2018, the plaintiff moved, among other things, for leave to serve and file a supplemental summons and amended complaint adding the LLC, among others, as necessary parties. In an order dated December 12, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and also granted the LLC's motion.
On February 28, 2019, the plaintiff filed a supplemental summons and amended complaint, adding the LLC, among others, as defendants. The plaintiff also filed an amended notice of pendency, correctly listing the premises as located at Block 1348, Lot 28. The LLC interposed an answer in which it asserted various affirmative defenses, including that the action was barred by the statute of limitations and that it was not bound by any proceedings in the action because the notice of pendency was not properly indexed against the premises.
In October 2019, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the LLC, to strike its answer, and for an order of reference. The LLC cross-moved for summary judgment dismissing the amended complaint insofar as asserted against it as time-barred. In support of its cross-motion, the LLC submitted an affidavit of Isaac Markowitz, its sole member, who averred therein that the LLC obtained its interest in the premises pursuant to the deed dated February 13, 2015, which was recorded on March 11, 2015, that no notice of pendency was filed against the premises at that time, and that he was not on notice of this foreclosure action when the LLC acquired the premises. In opposition to the cross-motion, the plaintiff argued that the action was timely commenced against the LLC because the amended pleadings related back to the original complaint.
In an order dated October 17, 2022, the Supreme Court denied the plaintiff's motion and also denied the LLC's cross-motion for summary judgment dismissing the amended complaint insofar as asserted against it. The LLC appeals from so much of the order as denied its cross-motion.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Here, in support of its cross-motion, the LLC met its initial burden of demonstrating that the amended complaint insofar as asserted against it was untimely because the amended complaint was filed outside the six-year statute of limitations (see Patrick v Comprehensive Med. Supply, LLC, 225 AD3d 777, 778). Thus, the burden shifted to the plaintiff to present evidence raising a triable issue of fact as to whether the relation-back doctrine applied (see Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d 850, 851).
The plaintiff failed to meet its burden. The relation-back doctrine "enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the statutory limitations period has expired" (Buran v Coupal, 87 NY2d 173, 177; see OneWest Bank N.A. v Muller, 189 AD3d 853, 855). "The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (Mitzmacher v Bay Country Owners, 211 AD3d 1025, 1026 [internal quotation marks omitted]; see CPLR 203; Buran v Coupal, 87 NY2d at 178-181; Patrick v Comprehensive Med. Supply, LLC, 225 AD3d at 779). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Petruzzi v Purow, 180 AD3d 1083, 1084 [internal quotation marks omitted]; see Buran v Coupal, 87 NY2d at 180).
There is no dispute that the first prong of the relation-back doctrine, i.e., that the claim arises out of the same conduct, transaction, or occurrence, has been satisfied. However, the plaintiff failed to satisfy the second prong of the relation-back doctrine. "Parties are united in interest if their interest 'in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other'" (Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 800 [internal quotation marks omitted], quoting Mondello v New York Blood Ctr.-Greater N.Y. Blood Program, 80 NY2d 219, 226; see Mitzmacher v Bay Country Owners, 211 AD3d at 1026). Here, a judgment of foreclosure and sale would not similarly affect Gerald and the LLC, as Gerald no longer has an interest in the premises, while the LLC would have its interest in the premises foreclosed. Moreover, "any claim of identical interests is . . . undermined" by Gerald's default in appearing or answering the complaint (Matter of Emmett v Town of Edmeston, 3 AD3d 816, 819, affd 2 NY3d 817; see Bisono v Mist Enters., Inc., 231 AD3d 134).
The plaintiff also failed to satisfy the third prong of the relation-back doctrine, the requirement that the additional party knew or should have known that, "but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (Mitzmacher v Bay Country Owners, 211 AD3d at 1026 [internal quotation marks omitted]). The failure to name the LLC as a defendant in the original complaint was not a mistake on the plaintiff's part of which the LLC could have been aware, as there would have been no reason to name the LLC when the action was commenced since the LLC had no interest in the premises at that time.
Most importantly, the plaintiff failed to make the requisite showing that the LLC had actual notice of the action prior to the expiration of the limitations period (see Buran v Coupal, 87 NY2d at 180; Gateway State Bank v Puma, 229 AD2d 373, 375). The record shows that the statute of limitations began to run in April 2010 when this action was commenced and the debt was accelerated (see Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682) and that the LLC acquired the premises prior to the expiration of the six-year limitations period in April 2016. As the LLC correctly contends, the notices of pendency filed against the premises by the plaintiff did not satisfy the notice requirement of the relation-back doctrine. "Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property" (Sharestates Invs., LLC v Hercules, 178 AD3d 1112, 1114 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Mule, 230 AD3d 1234). Here, the notices of pendency filed before the LLC acquired the premises did not, in fact, provide constructive notice of the action as they were indexed against the wrong block and, thus, the wrong property (see Del Pozo v Impressive Homes, Inc., 95 AD3d 1272, 1273).
Moreover, in his affidavit submitted in support of the LLC's cross-motion, Markowitz, the LLC's sole member, averred that, at the time the LLC acquired the premises, he had no notice of the action. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the LLC had actual notice of the action.
Further, as the LLC correctly contends, the recording of the mortgage did not provide notice for purposes of the relation-back doctrine. "'If [a] purchaser [of real property] fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed'" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 962, quoting Fairmont Funding v Stefansky, 301 AD2d 562, 564). Thus, where a mortgage against property was recorded prior to the recording of the purchaser's deed, the purchaser had constructive notice of the mortgage when it purchased the premises (see id.). Here, it is undisputed that the mortgage against the premises was recorded prior to the recording of the LLC's deed. However, the recording of the mortgage provided only constructive notice of the mortgage. Thus, although the LLC was chargeable with notice of any facts relating to the mortgage, the recording of the mortgage did not provide actual notice of the foreclosure action, as required under the relation-back doctrine (see Buran v Coupal, 87 NY2d at 180; Gateway State Bank v Puma, 229 AD2d at 375).
Accordingly, the Supreme Court should have granted the LLC's cross-motion for [*3]summary judgment dismissing the amended complaint insofar as asserted against it.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court